W. B. MEYERS et al., Plaintiffs in Error, v. SCHOOL DISTRICT 2-28-13 et al., Defendants in Error.

**St. Louis Court of Appeals, March 4, 1901.**

**Injunction:** PARTITIONING A SCHOOL DISTRICT: PROCEEDINGS, REGULAR: INJUNCTION DISSOLVED. Where a majority of the legally qualified voters of a school district, vote at an annual school meeting to be divided and attached to two other districts and such other districts vote on the question also at the same annual meeting, consenting thereto and the proceeding in all the districts are regular, the partitioning of the district seeking to be divided, will be sustained by the courts; and the temporary writ issued to prevent the division or absorption of such district by the law, will and ought to be dissolved as was done in the case at bar.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Albert De Reign* for appellants.

*M. Arnold* and *J. J. Russell* for respondents.

BLAND, P. J.—This is an injunction suit for the purpose of preventing School Districts Nos. 2 and 3, township 29, range 13 east, in Scott county, from absorbing School District No. 4 in the same township by dividing its territory between them.

The plaintiff's petition states that all three of these districts were duly organized and that at an election held at the annual school meeting of district No. 4, on the third day of April 1900, a proposition to divide said district into two parts, and add one part to the adjoining district No. 2, and the other part to district No. 3, was carried by a majority vote.

And that on said date at the said annual meeting in said districts Nos. 2 and 3, the propositions were carried by majority vote in each of said districts, to receive and annex the territory of district No. 4.

The above is in brief the substance of the material allegations.

The defendants in their answer admit that all of the districts 2 and 3 and 4 were regularly organized. And admit that a proposition was submitted to the annual meetings to divide district No. 4, by changing the boundary line of districts 2 and 3, and giving part of district No. 4 to each of the others, and thus consuming all of said district No. 4, and that proper and legal notices having been given as required by law, the proposition to divide said district No. 4, and to change the boundary lines of said districts Nos. 2 and 3, was carried by a majority vote of those voting at each and all of said meetings in all of said districts.

And that more than fifteen days before the said annual meetings, a petition signed by more than ten qualified voters of each of said school districts was presented to the clerk of each of said districts affected by the proposed change of boundary line, said petition asking for said change; and each of the clerks

Vol 96 mo app—4

of said districts gave more than fifteen days notice of the proposed change of boundary line by posters in each of said three districts, five written notices in five public places in each of said districts; and the proposition was decided and carried by a majority vote in each' and all of said districts by the qualified voters present and voting.

The defendants deny that the change leaves any district with less than twenty pupils of school age, and deny that it was to encroach upon any district simply for the acquisition of territory, but was in good faith, believing it to be for the best interest of the people and taxpayers of all the districts affected, for the reason that district No. 4 has not maintained a successful school in the past, having had an average attendance of less than five pupils, but that good schools have been and will be maintained in districts Nos. 2 and 3 to which said district is now attached; and that the educational facilities furnished the children will be better than before, with less expense to the taxpayers.

Defendants also filed their motion to dissolve the temporary writ of injunction for the reasons alleged in the answer.

No replication was filed. On motion to dissolve the temporary injunction which had been granted, a hearing was had before the court. The motion was sustained dissolving the temporary restraining order, and plaintiff's bill was dismissed. Plaintiffs appealed.

It is admitted by the pleadings, that the proposition to absorb all of district 4, by dividing it between districts 2 and 3 was carried in all three of the districts by a majority vote cast at the annual April election. It was proven by the evidence of Moore, a director and clerk of district 4, that all the steps required by statute, to be taken, in respect to voting on the proposition, were taken be ore the election was held.

Appellant objects to the testimony of Moore, because it was secondary evidence. He made no such

objection on the trial, and can not for the first time make it here. No irregularity is charged either in the steps taken leading up to the election, or in the conduct of the election itself. The only question in the case, as presented by the record, is whether under the statute (section 9742, R. S. 1889) it was competent for organized districts Nos. 2 and 3 to absorb organized district No. 4. This question is answered in the affirmative by the case of State ex rel. v. Hill, 152 Mo. loc. cit. 242-3.

The judgment is affirmed. All concur.